## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| **JAMIE LEONARD,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 4:19-cv-00927-RLW |
| v. | ) | |
| | ) | |
| **ST. CHARLES COUNTY, ET AL.,** | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION TO COMPEL

COMES NOW Plaintiff, Jamie Leonard, by and through his undersigned attorney, and states the following for his Motion to Compel to Defendant St. Charles County to answer the following Interrogatories and respond and produce documents pursuant to the following Request for Production of Documents:

1. Plaintiff has propounded Interrogatories and Request for Production of Documents to Defendant St. Charles County. Defendant St. Charles County has objected to some of these Interrogatories and Request for Production of Documents.

2. Plaintiff has fully reviewed the discovery responses and documents produced to date by Defendant St. Charles County. Plaintiff has corresponded in detail with Counsel for Defendant to resolve these discovery disputes. Attached as Exhibit 1 is a copy of that correspondence. Plaintiff has extensively communicated with Defense Counsel disputes and has resolved all other than the ones addressed in the instant motion. The email confirming this communication and the remaining discovery disputes is attached as Exhibit 2.

3. Plaintiff requests the Court compel Defendant St. Charles County to answer plaintiff's Interrogatories 8, 9, 17 and 19 which are set forth with the Defendant's objection thereto here:

8. State the names and addresses of each person known by St. Charles County, St. Charles County's representatives, or St. Charles County's attorney(s) to have witnessed the arrest, confinement, treatment, or transportation of Plaintiff on or after July 19, 2017.

**ANSWER: Defendant objects to this Interrogatory to the extent that it is unclear, vague, and ambiguous as to "to have witnessed the arrest, confinement, treatment, or transportation of Plaintiff on or after July 19, 2017." Defendant further objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome in scope as it relates to "each person" to have "witnessed the arrest, confinement, treatment, or transportation of Plaintiff on or after July 19, 2017."**

9. Please state whether or not statements have been obtained from any person mentioned in the previous interrogatory with regard to the facts or circumstances surrounding the incident or any of the events alleged in the Complaint, as amended. If so, please state the following:

   a. Date, place, and time of the statement;
   b. Name and address of the person or persons taking it;
   c. Name and address of the person or persons recording it;
   d. Names and addresses of all persons present at the time of the statement;
   e. Whether the statement was oral, written, shorthand, recorded, taped, etc.;
   f. Whether it was signed;
   g. Names and addresses of the persons or organization sunder whose direction and upon whose behalf it was taken or made;
   h. Please attach an exact copy of the original of the statement, interview, report, film, or tape to your answers to these interrogatories; if oral, please state to the best of your ability the contents thereof; and
   i. If the statement has been altered or destroyed, identify the person who did so, the date this occurred and the reason for the alteration of destruction.

**ANSWER:** Defendant reincorporates its objections to the previous Interrogatory as if fully rewritten herein. Defendant further objects to this Interrogatory to the extent that it requests documents which are protected by attorney-client privilege and the work product doctrine. Subject to and without waiving any objections, Defendants refers Plaintiff to the Booking Report, Use of Force Report, Use of Force Review Report, Incident Reports, Inmate Health Progress Notes, and Shift Reports, previously produced. See, generally 000001 – 0000389.

17. Please state:

   a. Whether St. Charles County has, within the last 10 years, been subject to a civil lawsuit or administrative proceeding before a governmental regulatory body or agency, wherein it was alleged that St. Charles County (or its employees or agents) had done, or had a policy or practice of doing, any of the following:

   i. Excessive use of pepper spray and/or batons to restrain individuals;
   ii. Turing off video cameras before or during arrests or transportations of individuals;
   iii. Failing or refusing to send confined persons to hospitals when needed;
   iv. Failing or refusing to send confined persons to other outside facilities or providers when needed;
   v. Failing or refusing to screen, examine, diagnose, or provide care to confined persons with potentially serious changes in condition;
   vi. Failing to screen, diagnose, or treat potential neurological, psychiatric or eye disorders;
   vii. Failing or refusing to ensure that nurses properly reported conditions to staff physicians;
   viii. Erroneously determining that a person is fit for confinement;
   ix. Failing or refusing to ensure that physicians reviewed patient records or conducted physical examinations as appropriate;
   x. Failing or refusing to ensure that persons confined were allowed to be taken before a judge as soon as practicable following their arrest; or
   xi. Failing or refusing to allow any person confined to make a phone call.

    b.    If so, please also state for each lawsuit or administrative proceeding before a governmental regulatory body or agency:

        i. The specific jurisdiction in which it was brought (e.g., the state, county, and city) and the name of the governmental regulatory body or agency, if applicable;
        ii. The relevant allegations;
        iii. The date the lawsuit or proceeding was initiated;
        iv. The case number or other unique identifier assigned to the lawsuit or proceeding;
        v. The date of disposition; and
        vi. The nature of the disposition.

**ANSWER: Defendant further objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and not likely to lead to the admission of admissible evidence. Defendant further objects to this Interrogatory to the extent that it is unclear, vague, and ambiguous as to "confined persons," "when needed," "potentially serious changes in condition," "potential neurological, psychiatric or eye disorders," "as appropriate," "as soon as practicable following their arrest," and "the relevant allegations."**

19.    Please state:

    a.    Whether St. Charles County has received, within the last 10 years, any inmate complaint, other complaint from a person confined, a citizen complaint, or internal complaint, wherein it was alleged, or thereafter found that:

        i. St. Charles County officers used unreasonable physical force to restrain a person;
        ii. St. Charles County officers used pepper spray or batons excessively to restrain a person;
        iii. St. Charles County officers switched off any cameras at any time before or during a stop, arrest, or transportation of a person;
        iv. Persons confined, whether in the infirmary or otherwise, were not taken before a judge as soon as practicable following their arrest;
        v. A confined person was not sent to the hospital or other outside medical facility or provider when needed;
        vi. A confined person was not properly screened, examined, diagnosed, or provided care following potentially serious changes in condition;

      vii. A confined person was not properly screened, examined, diagnosed, or provided care for potential neurological, psychiatric or eye disorders;
      viii. Nurses in the infirmary failed to properly report conditions to staff physicians;
      ix. Physicians in the infirmary failed to review patient records or conduct physical examinations of persons confined in the infirmary as appropriate;
      x. A person confined within the St. Charles County Department of Corrections was not taken before a judge soon enough following an arrest; or
      xi. A person confined within the St. Charles County Department of Corrections, whether in the infirmary or otherwise, was not able or allowed to make a phone call.

    b.    If so, please also state for each complaint:

      i. The relevant allegations;
      ii. The date of the complaint;
      iii. The date of the allegedly improper behavior;
      iv. The complaint number or other unique identifier assigned to the complaint; and
      v. The date and nature of the disposition of the complaint.

**ANSWER: Defendant objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and not likely to lead to the admission of admissible evidence. Defendant further objects to this Interrogatory to the extent that it is unclear, vague, and ambiguous as to "confined persons," "when needed," "potentially serious changes in condition," "potential neurological, psychiatric or eye disorders," "as appropriate," "as soon**

    4.    Each of the discovery requests seek basic information and information reasonably calculated to lead to the discovery of admissible evidence. Interrogatory 8 requests basic information about witnesses to the assault on plaintiff and failure to aid him in his cell. Interrogatory 9 requests statements of people with information. For Interrogatories 17 and 19, Defendant should produce the complaints and other incidents with St. Charles County as this information is relevant and reasonably calculated to lead

the discovery of admissible evidence for the course of conduct and practices of the Defendant of which Plaintiff complains. In this case Plaintiff seeks recovery from Defendant from injuries he received when he was maced despite Defendant's knowledge of Plaintiff's eye condition and denied medication for an eye injury. He was assaulted and denied treatment by Defendant despite Plaintiff also having exhibited a severe mental condition that landed him in the suicide prevention unit. Because he was in the state of a mental hallucination and was maced in eyes despite his eye condition, he permanently injured his eye and rendered himself blind in that eye. Defendant's agents and employees observed and actually watched Plaintiff dig into his eye over the course of approximately four to five minutes, completely failing to take appropriate action while Plaintiff destroyed his eye. Other similar incidents are highly provident and relevant to the negligence of Defendants agents and employees, their violation of Plaintiffs civil rights and training and host of other issues in this case.

5. Additionally, Plaintiff wishes Defendant St. Charles County to produce documents pursuant to the following Request for Production. The Requests and the objections are set forth below:

12. Please provide, for the last 10 years, copies of the complaint, response, investigation, and findings/conclusions for each inmate complaint, other complaint from a person confined, citizen complaint, or internal complaint, wherein it was alleged, or thereafter found that:

   a. St. Charles County officers used unreasonable physical force;
   b. St. Charles County used pepper spray or batons excessively to restrain a person;
   c. St. Charles County switched off any cameras at any time before or during the stop, arrest, or transportation of a person;
   d. Persons confined, whether in the infirmary or otherwise, were not taken before a judge as soon as practicable following their arrest;
   e. A confined person was not sent to the hospital when needed;

  f. A confined person was not sent to another outside medical facility or provider when needed;
  g. A confined person was not properly screened, examined, diagnosed, or provided care for potential neurological, psychiatric or eye disorders;
  h. Nurses in the infirmary failed to properly report conditions to staff physicians;
  i. Physicians in the infirmary failed to review patient records or conduct physical examinations of persons confined in the infirmary as appropriate;
  j. A person confined within the St. Charles County Department of Corrections was not taken before a judge soon enough following an arrest; or
  k. A person confined within the St. Charles County Department of Corrections, whether in the infirmary or otherwise, was not able or allowed to make a phone call.

RESPONSE: Defendant objects to this Request for Production on the grounds that it is overbroad, unduly burdensome, and not likely to lead to the admission of admissible evidence. Defendant further objects to this Request for Production to the extent that it is unclear, vague, and ambiguous as to "confined persons," "when needed," "potentially serious changes in condition," "potential neurological, psychiatric or eye disorders," "as appropriate," "as soon as practicable following their arrest," and "soon enough after arrest." Defendant further objects to this Request for Production to the extent that it asks for documents protected by attorney client privilege and the work product doctrine, and on the grounds that it relates to past or current inquiry, complaint, disciplinary action, or other informal, formal, or administrative action, which are closed records pursuant to RSMo Chapter 610.

  6. Plaintiff respectfully requests the Court overrule the objections asserted by Defendant St. Charles County, and to order Defendant to produce documents. These documents are relevant to course of conduct, practice, other violations of standards and notice to defendant of problems at their prison. Note that the parties have an agreed Protective Order already entered by this Court, so issues as to dissemination of documents or information beyond this case have already been resolved and protected.

WHEREFORE, Plaintiff Jamie Leonard respectfully requests the Court grant this Motion to Compel, overrule Defendant's asserted objections to the discovery as referenced above, compel Defendant to to fully answer and respond to the same within 14 days of its order and for any further just and proper relief.

Date: December 6, 2019

Respectfully submitted,

| **DONNER APPLEWHITE** | **BURGER LAW, LLC** |
|---|---|
| /s/ Thomas R. Applewhite | /s/ Gary K. Burger |
| Thomas R. Applewhite, #64437 | Gary K. Burger, #32460 |
| 906 Olive Street, Ste 1110 | 500 N. Broadway, Ste 1860 |
| St. Louis, MO 63101 | St. Louis, MO 63102 |
| Telephone: (314) 293-3526 | Telephone: (314) 542-2222 |
| Facsimile: (888) 785-4461 | Facsimile: (314) 542-2229 |
| tom.applewhite@da-lawfirm.com | gary@burgerlaw.com |
| *Co-Counsel for Plaintiff* | *Attorney for Plaintiff* |

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served on this 6th day of December, 2019 to:

Drew A. Heffner
Associate County Counselor
100 North Third Street
St. Charles, Missouri 63301
dheffner@sccmo.org

/s/ Gary K. Burger