## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| JAMIE LEONARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19-CV-927 RLW |
| | ) |
| ST. CHARLES COUNTY, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Compel (ECF No. 37) and Plaintiff's Second Motion to Compel (ECF No. 41). These matters are fully briefed and ready for disposition.

### BACKGROUND

Plaintiff Jamie Leonard ("Leonard") filed this action under 42 U.S.C. §1983. On the morning of July 22, 2017, defendants Donte Fisher, Steven Harris, and Kristian Scott, all employees of St. Charles County Department of Corrections ("SCCDC"), planned and engaged in a search of Leonard's cell. Leonard claims his eye was irreparably damaged when defendant Harris sprayed Leonard with pepper spray or O.C. spray on July 22, 2017. (Second Amended Complaint ("SAC"), ECF No. 51, ¶¶ 6, 11). Leonard claims that Harris used pepper spray on Leonard as part of a planned use of force during a routine cell search. (SAC, ¶41). Leonard alleges that St. Charles County knew that Leonard suffered from an eye condition, Reiter's Syndrome, and that Leonard suffered from psychotic episodes, prior to July 22, 2017. (SAC, ¶¶15-22). Leonard was in the suicide prevention unit on July 22, 2017. (SAC, ¶21). At the time of the incident, St. Charles County policy required the jail's staff supervisor to contact medical

personnel regarding a planned use of force "if the situation allows." (SAC, ¶25). Now, St. Charles requires that jail staff contact medical personnel any time there is a planned use of force. (SAC, ¶29). Leonard brought a *Monell* claim against St. Charles County (Count 1), a Fourth Amendment Claim under Section 1983 against defendants Harris, Donte Fisher, Lisa Baker, and Katie Garofalo (Count 2), a claim for conspiracy to violate Leonard's Fourth and Fourteenth Amendment Rights under Section 1983 against defendants Harris, Fisher, Baker, and Garofalo (Count 3), and a Fourteenth Amendment Claim under Section 1983 against defendant Theresa Martin (Count 4). Leonard filed Motions to Compel on December 6, 2019 and January 7, 2019. (ECF Nos. 37, 41). On April 17, 2020, Plaintiff filed his Reply Memorandum in Support of his First and Second Motions to Compel (ECF No. 46), which clarified the remaining discovery issues. On May 1, 2020, Defendants filed a Sur-Reply Memorandum in Response to Plaintiff's First and Second Motions to Compel (ECF No. 48).[1]

## **LEGAL STANDARD FOR MOTION TO COMPEL**

Generally, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed.R.Civ.P. 26(b)(1). The Federal rules further provide for limits on discovery requests. Specifically,

> the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by

---

[1] Defendants agreed to withdraw their objections to Leonard's Request for Production Number 5 and, therefore, that discovery request is not addressed in this Memorandum and Order. *See* ECF No. 48 at 4).

discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed.R.Civ.P. 26(b)(2)(C)(i)-(iii). Rule 37 of the Federal Rules of Civil Procedure governs motions to compel discovery.

## DISCUSSION

### A. Interrogatory Numbers 8 and 9 to St. Charles County

Interrogatory Number 8 asks St. Charles County to identify the name and address of every person who witnessed Leonard's arrest, treatment, transportation, and confinement after July 29, 2017. Interrogatory Number 9 seeks any statements by the persons identified in Interrogatory Number 8. Leonard argues that Interrogatory Number 8 is not overbroad because it asks for known witnesses over a "matter of mere days." (ECF No. 46 at 2). Defendants contend that Interrogatory Number 8 is overly broad because it requires St. Charles County to identify employees who may have simply observed Leonard during that time period. (ECF No. 48 at 3).

The Court overrules Defendants' objections as to Interrogatory Numbers 8 and 9. The Court notes that only a few days are at issue. The Court finds that identifying individuals who interacted with Leonard during this time period is important because they might have information and observations related to his claims regarding his mental state. Defendants have not demonstrated that the number of people who witnessed Leonard during this time period would be overly burdensome to produce. The Court, therefore, orders Defendants to answer Interrogatory Numbers 8 and 9 to St. Charles County.

## B. Interrogatory Numbers 17 and 19 and Request for Production Number 12 to St. Charles County

Request for Production Number 12 and Interrogatory Numbers 17 and 19 all seek documents or information related to complaints, responses, investigations, findings/conclusions, lawsuits, and administrative proceedings related to St. Charles County. Interrogatory Number 17 asks for information regarding whether St. Charles County has been a defendant in a lawsuit or administrative investigation alleging a policy or procedure of excessive use of pepper spray, failure to properly medically treat individuals similar to Leonard, failure to allow individuals their right to a telephone call, failure to allow confined individuals an opportunity to appear before a judge as soon as practicable, and turning off video cameras during arrest. Interrogatory Number 19 asks for information regarding inmate complaints from the last 10 years regarding unreasonable physical force, pepper spray, turning off cameras, failure to timely take inmates for their initial appearance before a judge, improper medical screening, failure to communicate medical conditions to other staff, failure to allow inmates to make their telephone call. Request for Production Number 12 seeks documents from complaints, responses, investigations, and findings/conclusions that would have been described in St. Charles County's Interrogatory Number 19. St. Charles County claims that Leonard has failed to identify a relevant policy or procedure and, therefore, such communications are irrelevant. (ECF No. 48 at 3-4). In addition, Defendants assert Interrogatory Numbers 17 and 19 and Request for Production Number 12 are "wrong with ambiguities and vague and unclear language." (ECF No. 48 at 4). For example, Defendants assert "potential serious changes in conditions" is vague and ambiguous. (*Id.*). Leonard argues that Defendants have not explicitly identified what information is being withheld based upon privilege. (ECF No. 46 at 3-4).

- 4 -

The Court allows Leonard to conduct some discovery related to the allegations similar to those in this case. "Evidence that a police department has failed to investigate previous incidents similar to the incident in question may support a finding that a municipal custom exists, and that such a custom encourages or allows officers to use excessive force without concern for punishment." *Mettler v. Whitledge*, 165 F.3d 1197, 1205 (8th Cir. 1999). The Court orders St. Charles County to produce information and documents related to any claims of unreasonable physical force, pepper spray, turning off cameras, failure to timely take inmates for their initial appearance before a judge, improper medical screening, failure to communicate medical conditions to other staff, failure to allow inmates to make their telephone call. The Court, however, shortens the relevant time frame to the past five—not ten—years.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel (ECF No. 37) and Plaintiff's Second Motion to Compel (ECF No. 41) are **GRANTED**, in part, as outlined above. Defendants supplement their discovery responses within fourteen (14) days.

Dated this 2nd day of July, 2020.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

- 5 -