UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMIE LEONARD, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:19-cv-00927-MTS |
| ST. CHARLES COUNTY, *et al.*, | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This case is before the Court on Plaintiff's Motion to Enforce Requests for Admissions, Doc. [61], stemming from Defendants' objections to Plaintiff's 938 requests. Defendants answered a total of eighty-seven of them. Doc. [67] at 1–2. "[R]equests for admissions are intended to eliminate issues that are not in dispute between the parties by establishing the admission of facts about which there is no real dispute, thus narrowing the issues for trial." *Margulis v. Euro-Pro Operating, LLC*, No. 4:12-cv-2371-CAS, 2013 WL 5442702, at *3 (E.D. Mo. Sept. 30, 2013); *accord C.C. through Ginnever v. Suzuki Mfg. of Am. Corp.*, No. 4:16-cv-01271-ERW, 2018 WL 837689, at *2 (E.D. Mo. Feb. 13, 2018).

"On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed . . . if it determines" that the "discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26 (b)(2)(C)(i).[1] The Court concludes that these 938 requests for admission greatly exceeded the number necessary to determine the facts in dispute and narrow the issues for trial. For instance, as Plaintiff says, Defendants already had

---

[1] Rule 26(b)(2)(A) also explicitly allows the Court to "limit the number of requests [for admission] under Rule 36."

admitted to some of these matters "under oath in their depositions in this case." Doc. [62] at 4. The issues already had been narrowed.

Further, discovery closes this month and the parties must file any dispositive motions next month. In his forthcoming Motion for Summary Judgment, of which his counsel spoke in a recent status conference, Plaintiff must file a Statement of Uncontroverted Material Facts, which "must set forth each relevant fact in a separately numbered paragraph stating how each fact is established by the record, with appropriate supporting citation(s)." E.D. Mo. L.R. 4.01(E). Plaintiff maintains "a clear citation to the evidence" supported "almost every" one of its Requests, so its task there already is completed. Doc. [62] at 1. Defendants then will be required to file a Response to Statement of Material Facts, which "must set forth each relevant fact as to which the party contends a genuine issue exists" and "specific citation(s) to the record." E.D. Mo. L.R. 4.01(E). In other words, Defendants will be required to formally admit the facts relevant to Plaintiff's claims or identify evidence in the record that disputes the fact, thus obviating the purpose of Requests for Admission at this point in the litigation.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Enforce Requests for Admissions, Doc. [61], is **DENIED**.

Dated this 11th day of March, 2021.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE