# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JAMIE LEONARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:19-cv-00927-MTS |
| ) | |
| ST. CHARLES COUNTY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This case is before the Court on Plaintiff's Motion for Sanctions, Doc. [59], in which Plaintiff requests that the Court hold Defendants in default, or in the alternative order an adverse inference be made against them "as a result of their spoliation of relevant evidence." While Defendants preserved and provided video captured of Plaintiff during the incident in question, video taken *outside* of Plaintiff's housing unit while Plaintiff was *inside* the unit was not preserved.[1] This video, Plaintiff argues, could show:

> (a) Defendants' meetings prior to spraying Plaintiff in the eye, (b) the number of officers present that could have intervened to prevent the damage caused to Plaintiff and whether they just stood idly by and for how long they did so, (c) the actions that were taken to prevent Plaintiff from removing his pepper spray-damaged eye, and (d) the remedial measures that were taken by Defendants after Plaintiff's eye was damaged.

The Court, like the Federal Rules of Civil Procedure, takes parties' duties to preserve electronically stored evidence seriously. But the Rules allow for Plaintiff's desired remedies "only upon [a] finding that the party acted with the intent to deprive another party of the information's use in the litigation." Fed. R. Civ. P. 37(e)(2); *accord Morris v. Union Pac. R.R.*, 373 F.3d 896, 901 (8th Cir. 2004). "Intent rarely is proved by direct evidence, and a district

---

[1] Defendants represent that the St. Charles County Justice Center retains recorded video for twenty-eight to thirty days at which point the new video overwrites the oldest video. Doc. [66] at 3.

court has substantial leeway to determine intent through consideration of circumstantial evidence, witness credibility, motives of the witnesses in a particular case, and other factors." But Plaintiff has not provided the Court with enough evidence and considerations sufficient to support a finding that each and every Defendant acted "with the intent to deprive" Plaintiff of the video at issue. Since filing his Motion, Plaintiff has had more time to conduct discovery. Plaintiff may resubmit his Motion and argument, along with any new evidence, at the summary judgment stage.[2]

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Sanctions, Doc. [59], is **DENIED without prejudice**.

Dated this 11th day of March, 2021.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff informed the Court during the recent status conference that he intended to move for summary judgment with a sufficient evidentiary basis but also would request the Court apply relief under Rule 37(e)(2). To that end, he requested the Court stay his Motion for Sanctions or delay ruling on it. Since the Court cannot stay an individual motion, the Court chooses, for its ease and docket management purposes, to proceed with a ruling on the Motion before it as currently briefed.