Exhibit C



**POLICY AND PROCEDURE**
SUBJECT:  Use of Force          POLICY AREA:  Security/Control
POLICY NUMBER:  810    PAGES:  4
ACA STANDARD:   3A-17; 3A-25; 3A-28; 3A-29; 3A31 and 3A-32
SUPERCEDES:  3.1.8
EFFECTIVE DATE: April 19, 2011          REVISION DATE(S): July 31, 2014
AUTHORITY:  Larry Crawford, Director (Signature located on hard copy in Policy Manual)

I. **PURPOSE:** The purpose of this policy is to provide personnel of the St. Charles County Department of Corrections (SCCDOC) guidance for determining their actions in Use of Force situations. Use of Force can take on many aspects and forms, and requires that Corrections Officers and staff be trained and familiar with the terms, the parameters, and the liabilities of Use of Force, and distinctly, the decision to use any sort of force or weapons as a part of the Force Continuum.

II. **POLICY:** It is the policy of the SCCDOC to ensure that, in instances requiring the Use of Force, personnel of the Department use only that force necessary to effect lawful objectives. Lawful objectives shall include lawful restraint, apprehension, detention or in defense of the Officer or of another human being. SCCDOC personnel shall follow the force continuum to stop dangerous and unlawful behavior, to protect the officer or another from injury or death, to protect subjects from injuring themselves, and to effect lawful arrest when the subject offers resistance. **It is the policy of SCCDOC to train all new Corrections Officers in the Use of Force during their initial 216 hours of training; all non probationary Officers are to receive Use of Force Training annually.**

III. **APPLICABILITY:** This policy is applicable to all SCCDOC' security employees.

IV. **DEFINITIONS:** The words / phrases below will hold the following meaning as used in this policy:

   A. **Necessary Force:** That force, whether with a weapon, mechanical device, physical or otherwise, which a reasonable and prudent person would believe is required in the restraint, apprehension and/or detention of another suspected of wrongdoing; or that force whether with a weapon, mechanical device, physical or otherwise which a reasonable and prudent person would agree is required to defend one's self or another from infliction of serious injury or death.

   B. **Unnecessary Force:** That force, whether with a weapon, mechanical device, physical or otherwise, which a reasonable and prudent person would agree is not necessary in the restraint, apprehension and/or detention of another suspected of wrongdoing; or that force, whether with a weapon, mechanical device, physical or otherwise which a reasonable and prudent person would agree is not necessary in defense of one's self or another from infliction of serious injury or death.

   C. **Excessive Force:** That force, whether with or without a weapon or mechanical device, which is applied when all attempts at resistance by the suspect have been abandoned; or the continued use of force is no longer considered necessary by a reasonable and prudent person; or force that is applied with such frequency that its very application becomes unreasonable and not required to effect lawful objectives; or the level of control is inappropriate to the level of resistance offered by the subject.

   D. **Levels of Control:**

   1. **Officer Presence:** It is reasonable to expect that the appearance of a uniformed officer should stop a subject from continuing an unlawful act.

POLICY 810

2. **Verbal Direction:** Use a firm and deliberate voice to infer control. Do not attempt to out shout or engage in verbal combat with a resisting subject. Good communication skills may prevent escalation of confrontations.

3. **Empty Hand Control:**

    a. Placing a hand on a passive subject to guide him/her may be sufficient force for control or for handcuffing.

    b. Self-defense techniques and Pressure Point Control Tactics (PPCT) may necessitate use of hands, legs or feet for striking major muscle areas applying pressure to nerve motor points to control resistive behavior.

4. **Intermediate Weapons:** Aerosol weapons (Oleoresin Capsicum "O.C.") can be used to control an offender when the officer is facing active/aggressive resistance.

5. **Impact Weapons:**

    a. The **Collapsible Baton** is an available tool when the Commissioned Officer is facing active resistance and other control methods are insufficient to overpower the resistance. (carry of Collapsible Baton is authorized for Commissioned Officers on exterior transports only)

    b. **Weapon of Opportunity** – in emergency situations an officer may utilize devices that could serve the same purpose as the above mentioned impact weapons. This shall consist of items or equipment, other than a firearm, that is routinely used for legitimate police purposes.

6. **Deadly Force:** Deadly force assaults.

E. **Force Continuum:** The level of force necessary for an Officer, to meet or exceed the level of resistance used by a subject, to stop dangerous and unlawful behavior, to protect the officer or another from injury or death, to protect a subject from self-injury or to affect a lawful arrest.

F. **Escalation of Force:** The controlled increase of the legitimate and approved *Level of Force*, as selected from the *Use of Force Continuum*, in response to the failure of previous lower levels, or the continued / increase of violence, resistance, or threat by individual(s) involved in the situation.

G. **Deadly (Lethal) Force:** That level of force, which by its very application, could reasonably be expected to cause serious injury or death to the intended individual(s).

H. **Pressure Point Control Techniques** (P.P.C.T.): Self-defense techniques used to control resistance through the use of the hands, legs and feet to affect various approved holds, and controlled pressure in designated nerve motor points on the body.

I. **Ground Fighting:** When an Officer and an inmate is involved in a physical altercation and the inmate takes the altercation to the ground and continues, the priorities for the Officer involved are greatly changed. The Officer's priorities must shift from subject control to Officer safety. The main objective for the Officer is to regain his/her feet as quickly as possible. The Officer is justified in using any level of control necessary for self-preservation.

Policy 810

V. **Procedure:** In determining the escalation of force, the Officer may normally use only one level of force greater than the level of resistance. This is known as the **"One Plus One Theory."** An Officer shall consider the following when determining to escalate/de-escalate the level of control:

1. Officer / Subject size and gender.
2. Physical area, i.e., open area, small room, etc.
3. Threats/Actions by the subject(s)
4. Level of resistance by the subject(s)
5. Environmental conditions.
6. Reaction time.
7. Inmate/Officer physical conditioning.
8. It is understood that situations arise when an instant decision must be made on the Use of Force. This decision will be made on the Officer's perception of the threat and the subject's ability to carry out the threat. Whatever level involved in the Use of Force should decrease as the subject ceases to resist.

1. **Use of Deadly Force:** Officers may only act within the parameters of his/her SCCDOC duties in using deadly force:

   a. **Protect Her / Himself and/or Others** (self-defense) from what she/he reasonably believes to be an immediate threat of death or *serious* injury; or

   b. **Effect the capture or prevent the escape of an inmate**, whose freedom is reasonably believed to represent an **imminent** threat of serious physical injury or death to the Officer or other person, when:

   1. The inmate has committed or is attempting to commit a felony involving the use or the threatened use of deadly force.

   2. The inmate is attempting to escape, or an accomplice is aiding in such attempt, by use of a deadly weapon.

   3. No distinction shall be made relative to the age of the intended target of deadly force. Self-defense and imminent danger are the only policy guidelines for employing deadly force.

2. **Deadly Force Prohibitions:** Armed Correctional (Peace) Officers are prohibited from the application of deadly force or the discharge of a firearm when:

   a. The application of deadly force or the discharge of a firearm is clearly not necessary for the protection of one's self, or another, from serious physical harm or death.

   b. It is reasonably apparent that an innocent person may be injured or killed.

   c. Operating or riding in a moving vehicle, except as the ultimate measure of self-defense, and then only when all other alternatives have been attempted to no avail, or are not reasonably available under the circumstances.

   d. The situation, in and of itself, would constitute a misdemeanor.

   e. The conditions defined under paragraph "Use of Deadly Force" are not present during the attempt to maintain control of or re-apprehend an escaped / escaping inmate.

**Policy 810**

3. **Discharge of Firearms:** Personnel of the SCCDOC may only discharge a firearm under the following circumstances / conditions:

   a. When the *use of deadly force is required* under the conditions delineated in this policy.

   b. At an *approved range for purposes of training/qualifications*.

   c. Within a clearly safe and lawful *recreational setting*.

4. **Discharge of Firearms Prohibited:** Armed Correctional (Peace) Officers of the SCCDOC are prohibited from discharging their weapon:

   a. For the purpose of warning a fleeing inmate or other persons - *we do not fire warning shots!*

   b. When the conditions delineated under "Deadly Force Prohibitions" exist.

5. **Reporting Use of Force:** Following any Use of Force above Verbal Directions, SCCDOC staff members involved in the incident are required to render appropriate reports detailing their level of involvement.

   a. **Incident Reports:** Every staff member involved in the **actual** Use of Force must submit a completed Incident Report detailing their actions and involvement during the incident. Reports must provide the actual detail of the exact actions taken by the officer and why the Use of Force was necessary. The report should be complete in all details of who (both inmates and officers), what, when, where, why and how.

   b. **Use of Force Report:** For every Use of Force Incident above the Verbal Direction, a single **Use of Force Report Form SC-010** will be completed by the individual Officer (s) who applied the force. This report is in addition to all other Incident Reports that must be submitted.

   c. **Review of Use of Force Actions:** All Use of Force actions (above Verbal Direction) will be reviewed by the appropriate Supervisor (s) in the Chain of Command utilizing the Department's **Use of Force Review Form.**

   6. **Medical Evaluation Following the Use of Force:** Following every Use of Force (above the Verbal Direction) that occurs within SCCDOC, there will be a requirement for the inmate to be seen by the Medical Staff to ascertain if any injuries occurred that require medical treatment. This evaluation should occur within one (1) hour of the completion of the action or as soon after as can be reasonably accommodated. However, Medical Staff will not be admitted into a housing unit to perform an evaluation until such time as the unit is secured. The Medical Evaluation is required to be documented, detailing both the injuries incurred (if any) and the medical treatment rendered.