# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| JAMIE LEONARD, <br>     Plaintiff, <br><br> vs. <br><br> ST. CHARLES COUNTY <br> MISSOURI, et. al, <br>     Defendants. | No: 4:19-cv-00927 |

**DEFENDANT ST. CHARLES COUNTY, MISSOURI'S
RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW Defendant, St. Charles County, Missouri, (hereinafter "Defendant" or "St. Charles County") by and through undersigned counsel for its response in opposition to Plaintiff's Motion for Summary Judgment (Doc # 99), hereby requests this Court deny said motion.

**INTRODUCTION**

Plaintiff filed a four count Fourth Amended Complaint (Doc # 88) on April 21, 2021, 2021. The Complaint alleges violations of Plaintiff, Jamie Leonard's, Constitutional rights and is brought pursuant to Section 42 U.S.C. § 1983. In Count 1, Plaintiff alleges municipal liability pursuant to *Monell v. N.Y. Dep't of Soc. Svcs*. as to St. Charles County. Count 2 alleges violations of the Fourth Amendment and Fourteenth Amendment rights of Plaintiff for excessive use of force, while Count 3 alleges violations of Plaintiff's Eighth and Fourteenth Amendment rights for failing to provide him with adequate medical care. Count 4 alleges conspiracy to violate Plaintiff Fourth, Eighth and Fourteenth Amendment rights. Plaintiff alleges his injuries occurred on July 22, 2017, while Plaintiff was confined in the St. Charles County Department of Correction's Justice Center. On April 30, 2021, Plaintiff filed his Motion for Summary

Judgment requesting this Court grant summary judgment as to Count 1 of Plaintiff's Fourth Amended Complaint.

## ARGUMENT

**Standard for Summary Judgment**

Pursuant to Federal Rule of Civil Procedure 56 (c), a court may grant a motion for summary judgment if all of the information before the Court demonstrates that there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56 (c). See *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The initial burden is placed on the moving party to clearly establish the non-existence of any genuine issue of fact that is material to a judgment in the moving party's favor. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op*, 838 F.2d 268, 273 (8th Cir. 1988).

Once this burden is discharged, if the record does in fact bear out that no genuine dispute exists, the burden then shifts to the non-moving party who then must set forth affirmative evidence and specific facts showing there is a genuine dispute on a material issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Allen Energy Corp.,* 181 F.3d 902, 904 (8th Cir. 1999). Once the burden shifts, a party opposing a properly supported motion for summary judgment cannot simply rest on allegations and denials in his pleading to get to the jury without any significant probative evidence supporting the complaint. *Anderson*, 477 U.S. at 249. Moreover, the non-moving party must do more than simply show that there is some metaphysical doubt as the material facts. *Matsushita Electric Industrial Co., LTd. V. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Indeed, the non-moving party must establish to the court that there is sufficient evidence favoring the non-moving party which would enable a jury to return a verdict for him. *Anderson*, 477 U.S. at 249; *Celotex*, 477 U.S. at 324.

Summary judgment is appropriate against a party who fails to make a showing sufficient to establish that there is a genuine issue for trial about an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322. The Supreme Court in *Celotex* states that the plain language of Rule 56 (c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case. In such a case, the Court indicated, there can be no genuine issue as to any material fact since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Id*.

The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. *Hufsmith v. Weaver*, 817 F.2d 455, 460 n.7 (8th Cir. 1987) (quoting *Anderson*, 477 U.S. at 247-48). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must view the evidence in the light most favorable to the nonmoving party. *Crumley v. City of St. Paul, Minn.*, 324 F.3d 1003, 1008 (8th Cir. 2003). Plaintiff is not entitled to summary judgment as St. Charles County, Missouri, is entitled to summary, as a matter of law.

**Liability of St. Charles County**

Plaintiff argues he is entitled to summary judgement on Count 1 of his Fourth Amended Complaint pursuant to the Supreme Court's ruling in *Monell v. New York Depart. of Social Services*, 436 U.S. 658, (1978). Plaintiff's agues he is entitled to summary judgement because St. Charles County ratified a violation of Plaintiff's Constitutional Rights, has polices that are

facially unconstitutional, failed to adequately train and supervise to staff, and adopted an unconstitutional custom or practice. St. Charles County contends that there are no violations of Plaintiff's constitutional rights, for the reasons more fully set out in its Motion for Summary Judgement and Memorandum in Support thereof. Therefore, Plaintiff's Motion for Summary Judgement should be denied while Defendants' Motion for Summary Judgment should be granted in this matter, on the ground that municipal liability cannot attach absent liability on an underlying substantive claim. *See Abbott v. City of Crocker*, 30 F.3d 994, 998 (8th Cir. 1994)." *Ryan v. Armstrong*, 850 F.3d 419, 428 (8th Cir. 2017). Even in the event the Court were to find Plaintiff's constitutional rights were violated, Defendants, not Plaintiff, are still entitled to summary judgment as a matter of law for the reasons set out below.

   **A. Post-incident Ratification of Constitutional Violations is not Recognized in the Eighth Circuit.**

Plaintiff's Motion for Summary Judgement should be denied as post-incident ratification under *Monell* is not recognized in the Eighth Circuit. Plaintiff relies on *Lollie v. Johnson* in support of the contention St. Charles County is responsible for a *Monell* violation as a result of ratifying correctional officers' conduct following Plaintiff's self-injuring of his eye. First, for the reasons set out in Plaintiff's Motion for Summary Judgment and Memorandum in Support of, there are no violations of Plaintiff's constitutional right to be improperly ratified by Department of Corrections' staff.

Further, St. Charles County Charter vests legislative powers in the St. Charles County Council and in the Director of the Department of Corrections. Neither the Governing Body of the county nor the Director of Corrections has delegated any policy making duties to Debbie Echele. Echele is required at all times to abide by the policies issued by the Department of

Corrections. She is not authorized to make or adopt policy on behalf of St. Charles County and is therefore not a municipal policymaker.

Finally, and more importantly, in the case cited by Plaintiff, the court specifically noted that post-incident ratification cannot result in *Monell* liability in the Eighth Circuit, as it is not a recognized cause of action. The *Lollie* court specifically stated, "Plaintiff concedes that the Eighth Circuit has not expressly recognized a post-incident ratification theory under *Monell*." *Lollie v. Johnson*, No. 14-CV-4784 SRN/HB, 2015 WL 3407931, at *7 (D. Minn. May 27, 2015). Plaintiff is not entiled to summary judgment, as post-incident ratification under *Monell* is not recognized in the Eighth Circuit.

**B. None of the St. Charles County Department of Corrections Policies are Facially Unconstitutional**

Plaintiff's Motion for Summary Judgment should be denied, as St. Charles County has no unconstitutional policies. Further, even assuming that the one policy cited by Plaintiff was, in fact unconstitutional, Plaintiff cannot demonstrate this policy was causally connected to his injury. For relief under §1983, Plaintiff must show his constitutional rights were violated by St. Charles County through "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell* at 690. The court has said that a municipality is not liable in the instance of a single occurrence of unconstitutional activity, unless proof of the single occurrence includes proof that it was "caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985). Even if a policy making official has discretion in the exercise of particular functions, the municipality is not liable for the exercise of that discretion without a

showing that the official is responsible for establishing a formal governmental policy for that particular function. *Pembaur v. Cincinnati*, 475 U.S. 469, 481 (1986).

Plaintiff claims that there are unconstitutional formal policies in existence within the St. Charles County Department of Corrections. However, Plaintiff was injured as a result of a single, isolated event. It was undoubtedly a horrific event; however, a municipality is not liable in the instance of a single occurrence unless the single occurrence was caused by an existing, unconstitutional policy, no matter how horrific the event. Plaintiff fails to demonstrate how an existing policy of the St. Charles County Department of Corrections was unconstitutional, let alone how such a policy resulted in Plaintiff injuring himself. Plaintiff attempts to rewrite the long-established Supreme Court standard of *Monell* by arguing inconsistencies, misunderstandings, or unclear policies create liability for municipal government. Plaintiff clearly misstates or misunderstands the relevant law. The only actual policy cited by Plaintiff is Policy Number 812, Section IV A.9, Reads: "If the situation allows, the on duty Shift Supervisor will contact Medical to see if the inmate has a respiratory or heart condition that could be affected by the chemical agent or if the inmate is allergic to pepper. In those cases, O.C. Spray will not be utilized." *Exh. D, Policy Number 812, page 2.* This policy has no causal connection to Plaintiff's injury as Plaintiff did not suffer from a respiratory condition, heart condition or pepper allergy. As such, there is no prohibition against the use of O.C. Spray on Plaintiff. Further, this Policy is not unconstitutional on its face and has no practical bearing on whether or not O.C. Spray was used on Plaintiff. For these reasons, Plaintiff's Motion for Summary Judgment should be denied.

**C. St. Charles County was not deliberately indifferent with its training or supervision of employees.**

Plaintiff's Motion for Summary Judgment should be denied, as he fails to demonstrate St. Charles County acted with deliberate indifference in training or supervising its employees. Plaintiff also claims that his constitutional rights were violated by a relevant municipal custom or practice. Specifically, Plaintiff claims municipal liability exists on the grounds St. Charles County failed to supervise and/or train its employees. In failure to train claims, plaintiffs must prove that the alleged failure to train proximately caused the injuries to the plaintiff. Plaintiffs must show that "(1) the [St. Charles County's] training was inadequate, (2) this failure to train 'reflects a deliberate and conscious choice' by [St. Charles County], and (3) the alleged deficiency in the training procedures actually caused" the complained-of harm. *Teasley v. Forler*, 548 F. Supp. 2d 694, 706 (E.D. Mo. 2008) (citing Ambrose v. Young, 474 F.3d 1070, 1079 (8th Cir. 2007)). For failure to supervise, Plaintiffs must show a "(1) continuing, widespread, and persistent pattern of unconstitutional behavior; (2) a deliberate indifference or tacit authorization of the conduct by the policymakers after being put on notice; and (3) that the custom was the moving force behind" the complained-of harm. (citing *Ware v. Jackson County,* 150 F.3d 873, 880 (8th Cir.1998)).

Plaintiff alleges St. Charles County's training was inadequate. However, Plaintiff cannot prove that the alleged inadequacies or the alleged failure to train reflects a deliberate and conscious choice by St. Charles County. As Plaintiff concedes, St. Charles County Department of Corrections staff receive use of force and oleoresin capsicum ("O.C.") spray training. Shanicia Rogers testified all Corrections officers receive annual in-service training on the St. Charles County Department of Corrections use of force policy and bi-annual in-service training on the

O.C. spray policy. *Exh. Q, Deposition of Shanicia Rogers, page 15, lines 6-8, 23-25, page 22-24, page 4-8.*

Second, Plaintiff cannot prove that there was a deliberate and conscious choice to inadequately train St. Charles County Department of Corrections staff, as its staff did in fact receive use of force and O.C. Spray training. "A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference" for purposes of failure to train. *Connick v. Thompson*, 563 U.S. 51, 62, 131 S. Ct. 1350, 1360, 179 L. Ed. 2d 417 (2011). "Without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." *Id*. at 62. Finally, Plaintiff cannot prove that the alleged deficiency in training actually caused the harm to Plaintiff.

As to the claims for failure to supervise, Plaintiff appears to be claiming St. Charles County Department of Corrections staff failed to supervise Plaintiff. However, to demonstrate a *Monell* claim to failing to supervise, Plaintiff must show Department of Corrections' staff was improperly supervised. A failure to supervise claim is predicated on a supervisor's failure to supervise or control his subordinates and may be maintained only if a defendant demonstrated deliberate indifference or tacit authorization of the offensive acts. *White v. Holmes*, 21 F.3d 277, 280 (8th Cir. 1994). Plaintiff makes no such claims in his Motion for Summary Judgment, and therefore, his motion should be denied.

   **D.   St. Charles County has not adopted an unconstitutional custom.**

Plaintiff also alleges the general existence of unconstitutional municipal customs within St. Charles County. Plaintiff may also prove *Monell* liability with "evidence from which a jury could reasonably find the existence of a relevant municipal custom." *Mettler v. Whitledge*, 165

F.3d 1197, 1204 (8th Cir. 1999). 42 U.S.C. §1983 authorizes suit "for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision-making channels." *Monell*, 436 U.S. at 690-691. "A County is only liable when that 'policy or custom' of failing to act upon prior similar complaints of unconstitutional conduct, which caused the constitutional injury at issue. . .. [T]he plaintiff must show that [county] officials had knowledge of prior incidents of police misconduct and deliberately failed to take remedial action." *Pitts v. City of Cuba*, 913 F. Supp. 2d 688, 702-03 (E.D. Mo. 2012) (internal quotation marks and citation omitted). The plaintiff's claimed "custom" may serve as the basis for §1983 liability only when the policy amounts to "deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). More than a showing of simple negligence is required. *Id*.

Plaintiff must also show that "there was a widespread and persistent failure to follow policy, that some county policymaker was aware of this failure and was either deliberately indifferent to or tacitly approved of the conduct," and that the unconstitutional act "was caused by the custom of failing to follow" department policy. *Russell v. Hennepin County*, 420 F. 3rd 841, 849 (8th Cir. 2005). "'Deliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action" *Bd. of Cnty. of Bryan Cnty. v. Brown*, 520 U.S. 397, 410 (1997). The misconduct must be "so pervasive among non-policymaking employees . . . as to constitute a 'custom or usage' with the force of law." *Ware v. Jackson Cnty.*, 150 F. 3d 873, 880 (8th Cir. 1998).

Plaintiff has nothing more than hyperbole to support his claim that excessive use of force or failure to provide adequate medical care was so pervasive and rampant within the St. Charles County Department of Corrections as to constitute an unofficial custom. What Plaintiff points to,

in support of his claim, is merely the unsupported allegation of other inmates attempting to bring suit against St. Charles County. As examples of excessive use of force or failure to provide adequate medical care, Plaintiff points to *Smith v. St. Charles County* and *Quandah v. St. Charles County*--both of these matters are currently on appeal before the Eighth Circuit Court of Appeals; *Ramsey v. St. Charles County*, which was settled, with no admission of guilt by either party; and *Potter v. Echele*, in which St. Charles County currently has a motion for summary judgment pending. Additionally, Plaintiff relies on the unsupported grievances of inmates, as well as one use of force in which there was not a finding that excessive use of force was administered.

Therefore, Plaintiff is not entitled to summary judgment, as Plaintiff has failed to show a deprivation of his constitutional rights, as required pursuant to *Monell v. New York Depart. of Social Services*.

## **CONCLUSION**

Plaintiff appears to be of the mind he can obtain summary judgement by introducing enough fact to muddy the water. Regardless of how many irrelevant and immaterial statements of fact Plaintiff proffers, the only issue before the Court in Plaintiff's Motion for Summary Judgment is whether Plaintiff's constitutional rights have been violated by St. Charles County through a policy, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. The unequivocal answer to that question is no. For the foregoing reasons, as well as those set forth in Defendants' Motion for Summary Judgment, Memorandum filed in support of this Motion, Statement of Uncontroverted Material Facts and upon all Exhibits submitted in support of this Motion, Statement of Uncontroverted Material Facts and Suggestions, the Court should deny Plaintiff's Motion for Summary Judgment while granting Defendants' Motion for Summary Judgment and dismiss the Fourth Amended Complaint in its entirety.

Respectfully submitted,

**OFFICE OF THE ST. CHARLES COUNTY COUNSELOR**

/s/Drew A. Heffner
Drew A. Heffner, E.D. #54873MO
Associate County Counselor
100 North Third Street
St. Charles, Missouri 63301
Telephone:     636/949-7540
Facsimile:      636/949-7541
Email: dheffner@sccmo.org

Attorney for Defendants

CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon:

Steven A. Donner
Thomas R. Applewhite
1108 Olive Street, Suite 200
St. Louis, MO 63101-1949
Telephone:     314/240-5350
Facsimile:      888/785-4461
Email:            steve.donner@da-lawfirm.com
                     tom.applewhite@da-lawfirm.com

and

Gary K. Burger
500 North Broadway, Suite 1860
St. Louis, MO 63102
Telephone:     314/542-2222
Facsimile:      314/542-2229
Email:            gary@burgerlaw.com

/s/Drew A. Heffner
Dated: May 20, 2021